## AUTOMATED CONVEYOR SYSTEMS *v.*
## Calvin DOOLEY

04-1256                                        200 S.W.3d 442

Supreme Court of Arkansas
Opinion delivered December 16, 2004

*Roberts Law Firm, P.A.*, by: *John D. Webster*, for petitioner.

*Fogleman & Rogers*, by: *Joe M. Rogers*, for respondent.

PER CURIAM. Automated Conveyer Systems (Automated) petitions this court for a writ of prohibition alleging that the Crittenden County Circuit Court is without jurisdiction to hear this case because the exclusive remedy for an injury sustained in the course and scope of employment is provided under the Worker's Compensation Act. On January 21, 2004, Calvin Dooley filed a complaint based in negligence in the circuit court alleging that he suffered a gradual onset neck injury in the course and scope of employment. Dooley's employer Automated brought a motion to dismiss alleging that pursuant to Ark. Code Ann. § 11-9-105(a)(Repl. 2002), Dooley had sought damages under the Worker's Compensation Act and was limited to that remedy. The circuit court denied the motion to dismiss, and Automated now seeks a writ of prohibition.

This petition for a writ of prohibition will be treated as a case. We order the parties to brief the following issues:

1. Whether the Worker's Compensation Act remains the exclusive remedy for all non-intentional injuries arising out of the course and scope of employment;

2. Whether amendments to Ark. Code Ann. § 11-9-704(c)(3) (Repl. 2002), which states that "administrative law judges, the

commission, and any reviewing court shall construe the provisions of this chapter strictly," affect the analysis in this case;

3. Whether the definition of "accidental" in Ark. Code Ann. § 11-9-102(4)(A)(Repl. 2002) excludes the injury in the present case from the Worker's Compensation Act; and

4. Whether the injury in the present case is one that may be brought in negligence against Automated.

The appropriate briefing schedule will be established by the clerk of the court.